**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4485**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LEWIS DWAYNE EVANS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (CR-02-750)

Submitted:  September 27, 2004      Decided:  November 2, 2004

Before WILLIAMS, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William H. Monckton, VI, MONCKTON LAW FIRM, PA, Myrtle Beach, South Carolina, for Appellant. Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lewis Dwayne Evans appeals his convictions and sentence entered following his guilty plea to robbery and use of a firearm during a crime of violence. Evans' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Although counsel states there are no meritorious issues for appeal, he challenges the district court's compliance with Fed. R. Crim. P. 11 and the extent of the sentence departure granted pursuant to U.S. Sentencing Guidelines Manual § 5K1.1 (2002). Evans was informed of his right to file a pro se supplemental brief, but he has not done so. In accordance with Anders, we have examined the entire record for meritorious issues. Finding none, we affirm.

Evans first argues that the district court violated Rule 11 in accepting his guilty plea. We review the adequacy of a guilty plea proceeding de novo. United States v. Damon, 191 F.3d 561, 564 n.2 (4th Cir. 1999). Rule 11 violations, however, are reviewed under a harmless error standard. Id. Any variance from the Rule 11 requirements that does not affect the substantial rights of the defendant is disregarded. See Fed. R. Crim. P. 11(h); United States v. DeFusco, 949 F.2d 114, 117 (4th Cir. 1991).

The Rule 11 colloquy was thorough and regular. The magistrate judge[*] established Evans' age and education, and that he

---

[*]Evans consented to the jurisdiction of the magistrate judge. See United States v. Osborne, 345 F.3d 281, 285 & n.3 (4th Cir. 2003).

was not under the influence of drugs or alcohol. The magistrate judge ensured that Evans was satisfied with his attorney and that he understood the terms of his plea agreement. The magistrate judge outlined the sentences that Evans faced, informed him of the rights he was waiving, and ensured that there was a factual basis for the plea. Evans never objected or exhibited the slightest hesitation or confusion, and he testified that he understood the consequences of his plea. In short, the magistrate judge did not violate Rule 11.

Evans next contends that, in granting the Government's motion for a substantial assistance departure, the court should have reduced his sentences (which ran consecutively) on each count of conviction, instead of just reducing the firearm sentence. However, we do not review the extent of a departure unless the departure resulted in an illegal sentence or resulted from an incorrect application of the guidelines. <u>United States v. Hill</u>, 70 F.3d 321, 324 (4th Cir. 1995). Here, the district court was well within its discretion when it structured Evans' departure to comport with similar departures for his co-defendants.

Thus, we affirm Evans' convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

- 3 -

counsel may move in this court to withdraw from representation at that time.  Counsel's motion must state that a copy thereof was served on Evans.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED